Case 5:25-cv-00283   Document 13   Filed on 12/31/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **RUBEN GARZA PALACIOS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 5:25-CV-00283** |
| | § | |
| **PAMELA JO BONDI,** *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on December 24, 2025. (Dkt. 1.) The issue presented in Petitioner's petition is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Petitioner argues he is being unlawfully detained under 8 U.S.C. § 1225(b)(2), which subjects noncitizens to mandatory detention during removal proceedings. (Dkt. 1 at 7–11.) He asks the Court to declare that his detention under 8 U.S.C. § 1225(b) is unlawful and either order his immediate release or order that a neutral and impartial adjudicator conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id*. at 14.)

On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) pertaining to this very issue:

> **Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. Prior to granting class certification, the Central District of California granted partial summary judgment on the named petitioners' claims, holding that the government's interpretation of the Immigration and Nationality Act (INA) was unlawful in so far as it subjected petitioners to mandatory detention under § 1225(b)(2) rather than § 1226(a). Several days later, the court expressly "extend[ed] the same declaratory relief granted to [individual] Petitioners to the Bond Eligible Class as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

On December 18, 2025, the Central District of California clarified its prior order and entered a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, holding that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Santacruz*, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A final judgment in a class action is binding on all class members in subsequent decisions under the basic principles of res judicata and collateral estoppel. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("A judgment in favor of either side is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment").

Upon review of Petitioner's claims before the Court, the Court finds that Petitioner is a member of the "Bond Eligible Class" because "Mr. Palacios meets all requirements for *Maldonado Bautista* class membership." (*See* Dkt. 1 at 2.) Mr. Palacios entered the United States without inspection, admission, or parole in 2001; has been living in the United States for twenty-four years; and is currently being detained under 8 U.S.C. § 1225(b)(2). (*See id*. at 6; *id*., Attach. 2.)[1] Thus, the Court holds that because Petitioner is a member of the Bond Eligible Class, he is entitled to the declaratory relief entered by the Central District of California that his current detention under 8 U.S.C. § 1225 is unlawful. *See Hernandez v. Otay Mesa Detention Center*, 2025 WL 3724913, at *1 (S.D. Cal. Dec. 24, 2025) (Noting that Respondents conceded that because petitioner was a member of the bond eligible class he was considered detained under 8 U.S.C. § 1226(a), pursuant to the final judgment entered in *Maldonado Bautista*, 2025 WL 3289861); *see also Mohammadi v. Larose*, 2025 WL 3731737 (S.D. Cal. Dec. 26, 2025) (holding that the final judgment issued in *Maldonado Bautista*, 2025 WL 3289861 provided independent support for why petitioner was not subject to mandatory detention). Consequently, this Court may craft an injunctive remedy in accordance with that determination and order that Respondents either release Petitioner or provide him with a bond hearing under 8 U.S.C. § 1226(a).

Additionally, the Court independently reasons that equitable relief is warranted in Petitioner's case. Petitioner's claims present nearly identical legal questions to those previously considered by the Court in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). Because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result as to the relevant detention authority in this case, the Court is

---

[1] The Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and has been residing in the United States, the applicable authority for his detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART.

Respondents are ORDERED to immediately release Petitioner, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **January 5, 2026**. No later than **January 5, 2025, at 5:00 P.M. Central Standard Time (CST)**, the Parties shall provide the Court with a status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Petitioner's release from custody pursuant to this Order. The parties should also notify the Court if the Government seeks a stay of the bond decision under 8 C.F.R. § 1003.19(i).

IT IS SO ORDERED.

SIGNED this December 31, 2025.

Diana Saldaña
United States District Judge